IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERTIS RAYMOND**                                                                    **PETITIONER**

v.                                          **CRIMINAL NO. 1:11-cr-62-LG-RHW**
                                                        **CIVIL NO. 1:16-cv-218-LG**

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

## ORDER DENYING MOTION MADE PURSUANT TO 28 U.S.C. § 2255 AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL

BEFORE THE COURT is the [35] Motion to Vacate, Set Aside, or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Vertis Raymond. Raymond was sentenced to 115 months and three years supervised release for being a felon in possession of a firearm. In his § 2255 Motion, Raymond challenges the constitutionality of the United States Sentencing Guideline § 4B1.2(a)(2)[1] and further argues that his previous Florida state court conviction for felony battery should not be considered a "crime of violence" under § 4B1.2(a). Having reviewed the applicable law, the Court finds that Raymonds's Motion should be denied. Raymond's Motion for Voluntary Dismissal [39] will be denied as moot.[2]

Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the

---

[1] Raymond was sentenced under U.S.S.G. § 2k2.1 which expressly adopts the "crime of violence" definition stated in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. Section 4B1.2(a)(2) was amended on March 10, 2017, however, the Court must analyze the text at the time of sentencing.

[2] The Government objected to Defendant's Motion for voluntary dismissal.

1

court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2225(a). Raymond contends that: (1) the residual clause in § 4B1.2(a)(2) is unconstitutionally vague; and (2) his prior Florida state court conviction for felony battery is not a "crime of violence" under § 4B1.2(a) because Florida's felony battery statute does not meet the physical force requirement of § 4B1.2(a)(1). The Court discusses each contention in turn below.

**(1) "Unconstitutionally Vague"**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557. The *Johnson* Court left open the question, however, of whether the identically worded residual clause contained in Sentencing Guideline § 4B1.2(a)(2) – challenged here by Raymond – was constitutional.

On March 6, 2017, the Court answered that question in *Beckles v. United States*, 137 S. Ct. 886 (2017). Specifically the Court found that "[u]nlike the ACCA, . . . the advisory guidelines do not fix the permissible range of sentences." *Id*. at 892. "To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. "Accordingly, the

2

Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id*. Thus, pursuant to *Beckles,* the Court finds that Raymond is not entitled to 2255 relief based on the challenge that § 4B1.2(a)(2) is unconstitutionally vague. *See, e.g., United States v. Garza*, No. 2:11-CR-117-1, 2017 WL 932933, at *2 (S.D. Tex. Mar. 8, 2017).

**(2) "Crime of Violence"**

Raymond further contends that because the residual clause of § 4B1.2(a)(2) is unconstitutionally vague and because felony battery is not an enumerated offense under § 4B1.2, "the only option under which this offense can be a crime of violence is the physical force clause of § 4B1.2(a)(1)." (Pet. 14, ECF No. 35). However, this argument necessarily assumes that the residual clause is unconstitutional, which *Beckles* holds it is not. Because Raymond has not challenged whether felony battery qualifies as a "crime of violence" under the residual clause, the Court need not decide whether felony battery also qualifies under the physical force clause of § 4B1.2(a)(1). *See, e.g., United Stated v. Tibbs*, No. 15-1060, 2017 WL 1314933, at *4 (6th Cir. Apr. 10, 2017); *see also Velez v. United States*, Nos. 2:08-CR-68-JRG-MCLC-1; 2:13-CV-179-JRG, 2017 WL 1026497, at *2 (E.D. Tenn. Mar. 15, 2017).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Petitioner Vertis Raymond's [35] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner Vertis Raymond's [39] Motion for Voluntary Dismissal is **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this the 4th day of May, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE